1  PETER S. DOODY, ESQ. (Bar No. 127653)
   doody@higgslaw.com
2  JOSEPH J. KAGAN, ESQ. (Bar No. 306534)
   kaganj@higgslaw.com
3  HIGGS FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
4  San Diego, CA  92101-7913
   TEL:  619.236.1551
5  FAX:  619.696.1410

6  Attorneys for Defendants
   STEVENSON INVESTMENTS, LLC and
7  O'REILLY AUTO ENTERPRISES, LLC,
   erroneously sued as O'REILLY AUTOMOTIVE
8  STORES, INC.

9
                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12  NEHEMIAH KONG,                          CASE NO. 8:18-CV-00921-JLS-KES

13                       Plaintiff,         **ANSWER OF DEFENDANTS
                                            O'REILLY AUTOMOTIVE
    v.                                      STORES, INC. AND STEVENSON
14                                          INVESTMENTS, LLC TO
    STEVENSON INVESTMENTS, LLC,             PLAINTIFF'S COMPLAINT**
15  a California Limited Liability
    Company; O'REILLY                       **DEMAND FOR JURY TRIAL**
16  AUTOMOTIVE STORES, INC., a
    Missouri Corporation; and DOES 1-       Case Filed:    May 30, 2018
17  10,                                     Judge:         Hon. Josephine L. Staton
                                            Magistrate:    Hon. Karen E. Scott
18                       Defendants.

19

20        COMES NOW, defendant O'REILLY AUTO ENTERPRISES, LLC,

21  erroneously sued as O'REILLY AUTOMOTIVE STORES, INC. (hereinafter

22  "O'Reilly"), by and through counsel of record, on behalf of itself and defendant

23  STEVENSON INVESTMENTS, LLC (collectively, "Defendants"), and for its

24  Answer to the Complaint filed by plaintiff NEHEMIAH KONG ("Plaintiff")

25  admits, denies, and avers as follows:

26  / / /

27  / / /

28  / / /

**PARTIES:**

1.      O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and on that basis, denies each such allegation.

2.      O'Reilly admits the allegations in Paragraph 2 of the Complaint.

3.      O'Reilly admits the allegations in Paragraph 3 of the Complaint.

4.      O'Reilly denies that O'Reilly Automotive Stores, Inc. operates the O'Reilly Store located at 13933 Harbor Blvd., Garden Grove, California (the "Facility"). O'Reilly admits that O'Reilly Auto Enterprises, LLC, is the tenant of the facility and leases property for such Facility. With respect to each and every other allegation in Paragraph 4 of the Complaint, O'Reilly denies each such allegation.

5.      O'Reilly denies that O'Reilly Automotive Stores, Inc. operates the O'Reilly Store located at 13933 Harbor Blvd., Garden Grove, California.  O'Reilly admits that O'Reilly Auto Enterprises, LLC, is the tenant of the facility and leases property for such Facility. With respect to each and every other allegation in Paragraph 5 of the Complaint, O'Reilly denies each such allegation.

6.      O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis, denies each such allegation.

**JURISDICTION & VENUE:**

7.      Paragraph 7 of the Complaint states a conclusion of law to which no response is required.  To the extent a response to Paragraph 7 is required, the allegations of Paragraph 7 are hereby denied.

8.      Paragraph 8 of the Complaint states a conclusion of law to which no response is required.  To the extent a response to Paragraph 8 is required, the allegations of Paragraph 8 are hereby denied.

/ / /

9.      Paragraph 9 of the Complaint states a conclusion of law to which no response is required.  To the extent a response to Paragraph 9 is required, the allegations of Paragraph 9 are hereby denied.

**FACTUAL ALLEGATIONS:**

10.     O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis, denies each such allegation.

11.     O'Reilly admits the allegations in Paragraph 11 of the Complaint.

12.     O'Reilly admits that it provides parking spaces for persons patronizing the Facility.  With respect to each and every other allegation in Paragraph 12 of the Complaint, O'Reilly denies each such allegation.

13.     O'Reilly denies each and every allegation contained in Paragraph 13 of the Complaint.

14.     O'Reilly denies each and every allegation contained in Paragraph 14 of the Complaint.

15.     O'Reilly denies each and every allegation contained in Paragraph 15 of the Complaint.

16.     O'Reilly denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     O'Reilly denies each and every allegation contained in Paragraph 17 of the Complaint.

18.     O'Reilly denies each and every allegation contained in Paragraph 18 of the Complaint.

19.     O'Reilly denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     O'Reilly denies each and every allegation contained in Paragraph 20 of the Complaint.

/ / /

1   21.   O'Reilly denies each and every allegation contained in Paragraph 21

2   of the Complaint.

3   22.   O'Reilly lacks knowledge and information sufficient to form a belief

4   as to the truth of the allegations in Paragraph 22 of the Complaint and on that basis,

5   denies each such allegation.

6   23.   O'Reilly denies that Plaintiff encountered any barriers as alleged in

7   Paragraph 23 of the Complaint.  O'Reilly lacks knowledge and information

8   sufficient to form a belief as to the truth of the remaining allegations in Paragraph

9   23 of the Complaint and on that basis, denies each such allegation.

10   24.   O'Reilly admits that it has transaction counters inside the Facility.

11   With respect to each and every other allegation in Paragraph 24 of the Complaint,

12   O'Reilly denies each such allegation.

13   25.   O'Reilly denies each and every allegation contained in Paragraph 25

14   of the Complaint.

15   26.   O'Reilly denies each and every allegation contained in Paragraph 26

16   of the Complaint.

17   27.   O'Reilly denies each and every allegation contained in Paragraph 27

18   of the Complaint.

19   28.   O'Reilly lacks knowledge and information sufficient to form a belief

20   as to the truth of the allegations in Paragraph 28 of the Complaint and on that basis,

21   denies each such allegation.

22   29.   O'Reilly denies each and every allegation contained in Paragraph 29

23   of the Complaint.

24   30.   O'Reilly lacks knowledge and information sufficient to form a belief

25   as to the truth of the allegations in Paragraph 30 of the Complaint and on that basis,

26   denies each such allegation.

27   / / /

28   / / /

31. O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and on that basis, denies each such allegation.

32. O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and on that basis, denies each such allegation.

33. Paragraph 33 of the Complaint states a conclusion of law to which no response is required. To the extent a response to Paragraph 33 is required, denies each such allegation.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILTIES ACT OF 1990**

34. In response to Paragraph 34 of the Complaint, O'Reilly incorporates its responses to Paragraphs 1-34 as though fully set forth herein.

35. Paragraph 35 of the Complaint states a conclusion of law to which no response is required. To the extent a response to Paragraph 35 is required, the allegations of Paragraph 35 are hereby denied.

   a. Paragraph 35(a) of the Complaint states a conclusion of law to which no response is required. To the extent a response to Paragraph 35(a) is required, the allegations of Paragraph 35(a) are hereby denied.

   b. Paragraph 35(b) of the Complaint states a conclusion of law to which no response is required. To the extent a response to Paragraph 35(b) is required, the allegations of Paragraph 35(b) are hereby denied.

   c. Paragraph 35(c) of the Complaint states a conclusion of law to which no response is required. To the extent a response to Paragraph 35(c) is required, the allegations of Paragraph 35(c) are hereby denied.

36.    Paragraph 36 of the Complaint states a conclusion of law to which no response is required.  To the extent Paragraph 36 contains any allegations, the allegations of Paragraph 36 are hereby denied.

37.    Paragraph 37 of the Complaint states a conclusion of law to which no response is required.  To the extent a response to Paragraph 37 is required, the allegations of Paragraph 37 are hereby denied.

38.    Paragraph 38 of the Complaint states a conclusion of law to which no response is required.  To the extent Paragraph 38 contains any allegations, the allegations of Paragraph 38 are hereby denied.

39.    O'Reilly denies each and every allegation contained in Paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint states a conclusion of law to which no response is required.  To the extent a response to Paragraph 40 is required, the allegations of Paragraph 40 are hereby denied.

41.    Paragraph 41 of the Complaint states a conclusion of law to which no response is required.  To the extent Paragraph 41 contains any allegations, the allegations of Paragraph 41 are hereby denied.

42.    O'Reilly denies that Plaintiff was discriminated against due to lack of accessible facilities and denies that Plaintiff is entitled to injunctive relief.  O'Reilly lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and on that basis, denies each such allegation.

**SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**

43.    In response to Paragraph 43 of the Complaint, O'Reilly incorporates its responses to Paragraphs 1-43 as though fully set forth herein.  As to the remaining allegations in Paragraph 43 of the Complaint, said remaining allegations state a conclusion of law to which no response is required.  To the extent a response

1    to the remaining allegations in Paragraph 43 is required, the remaining allegations

2    of Paragraph 43 are hereby denied.

3         44.    Paragraph 44 of the Complaint states a conclusion of law to which no

4    response is required.  To the extent a response to Paragraph 44 is required, the

5    allegations of Paragraph 44 are hereby denied.

6         45.    O'Reilly denies each and every allegation contained in Paragraph 45

7    of the Complaint.

8         46.    O'Reilly denies that Plaintiff is responsible for statutory damages, i.e.,

9    a civil penalty.  As to the remaining allegations in Paragraph 46 of the Complaint,

10   O'Reilly lacks knowledge and information sufficient to form a belief as to the truth

11   of the remaining allegations in Paragraph 46 of the Complaint and on that basis,

12   denies each such allegation.

13        **PRAYER:**

14        1.    Defendants deny that Plaintiff is entitled to injunctive relief,

15   preventive relief, or to any other relief as requested in the Complaint.

16        2.    Defendants deny that Plaintiff is entitled to statutory minimum

17   damages under the Unruh Civil Rights Act, or to any other relief requested in the

18   Complaint.

19        3.    Defendants deny that Plaintiff is entitled to attorney fees, litigation

20   expenses, costs of suit, or any other relief as requested in the Complaint.

21                    **AFFIRMATIVE DEFENSES**

22        As affirmative defenses to Plaintiff's Complaint, and each of the causes of

23   action stated therein, Defendants allege and state as follows:

24                  **FIRST AFFIRMATIVE DEFENSE**

25        Plaintiff's Complaint and each claim set forth therein fails to state a claim

26   upon which relief can be granted.

27   / / /

28   / / /

## SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred by the application of the equitable defenses of laches, waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred, in whole or in part, by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, Plaintiff has failed to mitigate its damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred, in whole or in part, by its consent to the allegedly unlawful conduct.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, O'Reilly's conduct was privileged and/or justified.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred, in whole or in part, by the acts or omissions of persons other than O'REILLY such that Plaintiff's claims against O'REILLY are barred.

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, said claims are barred, in whole or in part, because Plaintiff lacks standing to assert all or some of its claims.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint states a claim, which is denied, Plaintiff is not entitled to punitive or exemplary damages because it has failed to plead sufficient facts to show that O'REILLY acted oppressively, fraudulently, maliciously or despicably. Punitive damages are criminal or quasi criminal in nature such that awarding such damages based upon Plaintiff's Complaint would violate due process as provided in the U.S. Constitution or the Constitution of the State of California.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint states a claim, which is denied, Defendants allege the Complaint fails to state facts sufficient to support an award of damages for attorneys' fees, expert witness fees, and other litigation fees, costs, and expenses as against Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint states a claim, which is denied, O'Reilly expressly reserves the right to amend its answer herein, including the addition of additional affirmative defenses after pleading and discovery have been conducted in preparation for trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

8645095.1

9

Case No. 8:18-CV-00921-JLS-KES

## **PRAYER FOR RELIEF**

Wherefore, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing by this Complaint and the Court dismiss the Complaint with prejudice and enter judgment in Defendants' favor;

2.      That the Court award Defendants all costs and expenses it incurs in this action;

3.      That the Court award Defendants their reasonable attorneys' fees; and

4.      That the Court award Defendants such other and further relief it deems just and proper.

DATED:  August 15, 2018                    HIGGS FLETCHER & MACK LLP


By:/s/ Peter S. Doody
PETER S. DOODY, ESQ.
JOSEPH J. KAGAN, ESQ.
Attorneys for Defendants
STEVENSON INVESTMENTS,
LLC and O'REILLY AUTO
ENTERPRISES, LLC erroneously
sued as O'REILLY AUTOMOTIVE
STORES, INC.